**UNITED STATES DISTRICT COURT**
**MIDDLE DISTIRICT OF FLORIDA**
**TAMPA DIVISION**

JOSEPH AGOSTINO,

      Plaintiff,

v.                                 Case No.:

ALLY FINANCIAL INC.,

      Defendant.

_____/

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

**COMES NOW**, Plaintiff, JOSEPH AGOSTINO (hereinafter "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, ALLY FINANCIAL INC. (hereinafter "Defendant"), and alleges the following in support thereof:

1. This is an action for damages and injunctive relief brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.* ("FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## <u>PARTIES, JURISDICTION AND VENUE</u>

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1337. *See, Mims v. Arrow Fin. Servs. LLC,* 132 S.Ct. 740 (U.S. 2012). This Court has supplemental jurisdiction over the FCCPA claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as Defendant resides in this State and District and as a substantial part of the acts and/or omissions giving rise to this action occurred in this State and this District.

4.  Defendant is a foreign profit corporation doing business in Florida.

5.  At all material times hereto, Plaintiff is an individual residing in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6.  Plaintiff is a natural person and resident of Hillsborough County, Florida. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8) and a "person" under 47 U.S.C. § 227(b)(1).

7.  Defendant is a foreign profit corporation doing business in Florida and, more specifically, in Hillsborough County.

8.  Defendant is a "creditor" as that term is defined by Fla. Stat. § 559.55(5) and a "person" as provided in 47 U.S.C. § 227(b)(1) and Fla. Stat. § 559.72.

## FACTUAL ALLEGATIONS

9.  Plaintiff is, and at all times relevant to the allegations herein has been, the owner, regular user and possessor of cellular telephone number (727) 420 – 4837.

10. Defendant's telephone calls, as alleged more specifically below, were all made to Plaintiff's cellular telephone number (727) 420 – 4837 using an automatic telephone dialing system, a predictive telephone dialing system, and/or an artificial or pre-recorded voice.

11. All of the telephone calls at issue were placed by Defendant through equipment which has the capacity to dial telephone numbers without human intervention. Such equipment falls within the purview of, and is subject to, the TCPA. *See, In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Red. 7961, 2015 WL 4387780, at *8 (July 15, 2015).

12. Defendant's telephone calls, as alleged more specifically below, were all made in an attempt to collect a financial obligation (hereinafter the "Alleged Debt") from Plaintiff. Upon information and belief, the Alleged Debt consists of amount allegedly owed for a consumer loan obtained primarily for personal, family and/or household purposes.

13. Within the four-year period of time preceding the commencement of this action, Defendant began placing telephone calls as described above to Plaintiff's cellular telephone in an attempt to collect the Alleged Debt.

14. Defendant continued to place telephone calls as described above to Plaintiff's cellular telephone in an attempt to collect the Alleged Debt through May 7, 2018.

15. Upon answering Defendant's aforementioned telephone calls, Plaintiff heard a robotic sounding voice state "This is an important message from Ally Financial". The robotic sounding voice did not respond to Plaintiff's salutations.

16. Shortly after the aforementioned telephone calls began, Plaintiff advised Defendant that Defendant was calling Plaintiff's cellular telephone and instructed Defendant to stop placing calls to Plaintiff's cellular telephone.

17. Notwithstanding Plaintiff's instructions to the contrary, Defendant continued to place telephone calls to Plaintiff's cellular telephone in an attempt to collect the Alleged Debt. Said telephone calls were made as described above and were made after Plaintiff expressed to Defendant his desire not to receive telephone calls from Defendant.

18. Defendant did not, at any time, have Plaintiff's consent to place calls to Plaintiff's cellular telephone.

19. Alternatively, Plaintiff, by clearly expressing his desire not to receive further telephone calls from Defendant, expressly revoked any consent Defendant may have had to place

telephone calls to Plaintiff's cellular telephone through the use of the telephone equipment described above. *See, In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2015 WL 4387780, at ¶ 63 (F.C.C. July 10, 2015).

20. All necessary conditions precedent to the filing of this action occurred or have been waived.

## COUNT I – VIOLATIONS OF 47 U.S.C. 227(b)(1)(A)(iii)

21. Plaintiff re-asserts and re-alleges paragraphs 1 through 20 as if fully restated herein.

22. Defendant is subject to, and has violated the provisions of, 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to Plaintiff's cellular telephone through the use of telephone equipment that falls within the purview of, and is subject to, the TCPA without Plaintiff's prior express consent.

23. Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii) were knowing or willful, in that at all times material herein Defendant knew it was calling Plaintiff's cellular telephone for non-emergency purposes through the use of telephone equipment that falls within the purview of, and is subject to, the TCPA without Plaintiff's prior express consent.

24. As a direct and proximate result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff has suffered the periodic loss of her cellular telephone service, stress, frustration and inconvenience.

25. In light of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to injunctive relief and statutory or actual damages pursuant to 47 U.S.C. § 227(b)(3).

## COUNT II – VIOLATION OF FLA. STAT. § 559.72(7)

26. Plaintiff re-asserts and re-alleges paragraphs 1 through 20 as if fully restated herein.

27. As more fully detailed above, Defendant willfully communicated with Plaintiff on numerous occasions in an attempt to collect the Alleged Debt after all reasonable efforts at negotiation and persuasion had failed.

28. Defendant is subject to, and has violated the provisions of, Fla. Stat. § 559.72(7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff in an attempt to collect the Alleged Debt.

29. Defendant is subject to, and has violated the provisions of, Fla. Stat. § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass Plaintiff in connection with Defendant's attempts to collect the Alleged Debt.

30. As a direct and proximate result of Defendant's violation of Fla. Stat. § 559.72(7), Plaintiff has suffered the periodic loss of his cellular telephone service, stress, anxiety, frustration and inconvenience.

31. In light of Defendant's violation of Fla. Stat. § 559.72(7), Plaintiff is entitled to actual damages, statutory damages, injunctive relief, attorney's fees and costs of litigation pursuant to Fla. Stat. § 559.77.

32. As the continuous and consistent nature of Defendant's violation of Fla. Stat. § 559.72(7) evidences Defendant's intentional misconduct or gross negligence, Plaintiff is entitled to an award of punitive damages pursuant to Fla. Stat. § 768.72. *See, Goodin v. Bank of Am., N.A.*, 114 F. Supp. 3d 1197, 1214 (M.D. Fla. 2015).

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests judgment against Defendant and in favor of Plaintiff:

a.  Enjoining further TCPA violations through the placement of telephone calls to Plaintiff's cellular telephone pursuant to 47 U.S.C. § 227(b)(3)(A);

b.  Awarding actual monetary loss from violations of the TCPA, or $500 in damages for each such violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B);

c.  Awarding treble damages for willful or knowing violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3);

d.  Awarding maximum statutory damages for violations of the FCCPA pursuant to Fla. Stat. § 559.77(2);

e.  Awarding actual damages sustained as a result of FCCPA violations pursuant to Fla. Stat. § 559.77(2);

f.  Enjoining further FCCPA violations against Plaintiff pursuant to Fla. Stat. § 559.77(2);

g.  Awarding reasonable attorney's fees and court costs incurred by Plaintiff pursuant to Fla. Stat. § 559.77(2);

h.  Awarding punitive damages for FCCPA violations pursuant to Fla. Stat. § 768.72; and

i.  Awarding any and all other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

**[Attorney signature appears on the following page]**

Respectfully submitted:

/s/ *Benjamin W. Raslavich*
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 0102808
**KUHN RASLAVICH, P.A.**
2124 W. Kennedy Blvd., Suite B
Tampa, Florida 33606
Telephone: (813) 422 – 7782
Facsimile: (813) 422 – 7783
ben@theKRfirm.com
Counsel for Plaintiff