UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH AGOSTINO

    Plaintiff,

v.                                                 Case No. 8:18-cv-1202

ALLY FINANCIAL INC.,

    Defendant.

**DEFENDANT ALLY FINANCIAL INC.'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Ally Financial Inc. ("Ally" or "Defendant"), by and through its undersigned counsel, submits its Answer and Affirmative Defenses in response to the Complaint and Demand for Jury Trial ("Complaint") filed by Plaintiff Joseph Agostino.

1. To the extent the allegations in Paragraph 1 of the Complaint are a characterization of Plaintiff's lawsuit, they are not subject to admission or denial. The remaining allegations contain statements and conclusions of law, to which no response is required. To the extent the remaining allegations are contrary to the law, they are denied.

**PARTIES, JURISDICTION AND VENUE**

2. The allegations in Paragraph 2 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

3. The allegations in Paragraph 3 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

4. The allegations in Paragraph 4 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

5. The allegations in Paragraph 5 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

## GENERAL ALLEGATIONS

6. The allegations in Paragraph 6 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

7. The allegations in Paragraph 7 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

8. The allegations in Paragraph 8 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

## FACTUAL ALLEGATIONS

9. The allegations in Paragraph 9 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

10. The allegations in Paragraph 10 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

11. The allegations in Paragraph 11 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

12. The allegations in Paragraph 12 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

13. The allegations in Paragraph 13 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

14. The allegations in Paragraph 14 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

15. Ally is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies the same.

16. Denied.

17. The allegations in Paragraph 17 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

18. The allegations in Paragraph 18 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

19. The allegations in Paragraph 19 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

20. The allegations in Paragraph 20 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

## COUNT I – VIOLATIONS OF 47 U.S.C. 227(b)(1)(A)(iii)

21. Ally incorporates the foregoing paragraphs as though they were stated at length herein.

22. The allegations in Paragraph 22 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

23. The allegations in Paragraph 23 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

24. The allegations in Paragraph 24 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

25. The allegations in Paragraph 25 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied. Ally denies that Plaintiff is entitled to any of the relief sought in Paragraph 25.

## COUNT II – VIOLATION OF FLA. STAT. § 559.72(7)

26. Ally incorporates the foregoing paragraphs as though they were stated at length herein.

27. The allegations in Paragraph 27 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

28. The allegations in Paragraph 28 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

29. The allegations in Paragraph 29 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

30. The allegations in Paragraph 30 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

31. The allegations in Paragraph 31 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied. Ally denies that Plaintiff is entitled to any of the relief sought in Paragraph 31.

32. The allegations in Paragraph 32 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied. Ally denies that Plaintiff is entitled to any of the relief sought in Paragraph 32.

## PRAYER FOR RELIEF

Ally denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph, including subparts a. through f.

Ally denies that it is liable to Plaintiff in any manner, or under any theory, whatsoever.

Ally denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs above.

Ally reserves the right to rely upon any and all defenses which may become known through discovery or at trial.

Ally reserves the right to amend its Answer to Plaintiff's Complaint to conform to the evidence as determined in discovery or at trial.

## DEMAND FOR JURY TRIAL

Ally admits that Plaintiff demands a trial by jury.

## AFFIRMATIVE DEFENSES

Ally hereby sets forth the following affirmative defenses to the Complaint.  By asserting the defenses set forth below, Ally does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses.  Nor does Ally admit that Plaintiff are relieved of their burden to prove each and every element of his claims and the damages, if any, to which he is allegedly entitled.

1. The Complaint fails to state a plausible claim for which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  Ally reserves the right to file a Motion for Judgment on the Pleadings or other dispositive motion seeking dismissal of all Plaintiff's claims.

2. Ally avers that Plaintiff's claims are subject to an Arbitration Agreement requiring mandatory and binding arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*

3. Ally avers that some or all of the claims made in the Complaint may be barred because Plaintiff lacks standing to the extent he has suffered no injury-in-fact.

4. Ally avers that some or all of the claims made in the Complaint may be barred by the Statute of Limitations applicable to the TCPA.  *See* 28 U.S.C. § 1658.

5. Ally denies that Plaintiff sustained any damages and denies that it proximately caused any of the damages claimed by Plaintiff.

6. Plaintiff cannot recover from Ally to the extent that any damages that Plaintiff may have suffered, which Ally continues to deny, directly and proximately resulted from Plaintiff's acts and/or omissions.

7. Plaintiff's claims are subject to set-off of all sums due and owing to Ally.

8. Plaintiff cannot recover from Ally to the extent that any damages Plaintiff may have or will suffer as alleged in the Complaint, which Ally continues to deny, have been and/or will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts and/or omissions of persons or entities over whom Ally had no control, and for whose conduct Ally is not responsible, which bars or diminishes any recovery by Plaintiff against Ally.

9. Plaintiff's claim fails to the extent Ally had the prior express consent of the owner(s) and/or subscriber(s) of the telephone numbers in question to place the alleged telephone calls at issue. Any and all activities of Ally alleged in the Complaint were conducted with the consent, express and implied, of Plaintiff as owner/subscriber or regular user of the subject phone and/or other parties, persons, and entities, and Ally is therefore free from actionable fault.

10. Plaintiff's claims fail to the extent Ally's actions were authorized by the terms of the underlying agreement(s) creating the debt.

11. At all times relevant, Ally acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law.

12. The Complaint, in asserting claims under the TCPA, violates the rights of Ally to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offence and obviously unreasonable." *United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992) (quoting *St Louis, I.M. & S. Ry. Co. v.*

*Williams*, 251 U.S. 63, 66-67 (1919)). The alleged violation at issue—"making" a call to a cell phone that may or may not have been connected, received, or answered—causes *de minimis* or no actual harm. Imposition of a $500.00 per call penalty is plainly excessive in this context and, taken in the aggregate, may result in potential damages that are not proportional to the conduct alleged.

13. To the extent there was any violation of the TCPA or FCCPA, which Ally denies, Ally's actions were not knowing and/or willful because Ally's violations, if any, were unintentional and the result of a *bona fide* error despite the maintenance of procedures reasonably adapted to avoid such violations.

14. Ally denies that any call attempted is actually a call "made" within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

15. Plaintiff lacks Article III standing to assert the claims he has alleged against Ally. Among other things, Plaintiff has failed to allege and cannot prove that he suffered a concrete and particularized injury in fact as a result of each call upon which he seeks a recovery under the TCPA. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016); *Nicklaw v. Citimortgage, Inc.*, No. 15-14216, 2016 WL 5845682 (11th Cir. 2016).

16. At no time in the course of Ally's servicing of this auto finance account did Plaintiff expressly revoke his prior express consent to be called by Ally regarding such account. Further, to the extent Plaintiff claims he revoked prior express consent provided to Ally, which Ally denies, such revocation was not clear and/or was not carried out by reasonable means and therefore was not effective.

17. To the extent any calls were made by Ally, which Ally denies, such calls were not made using a device with the capacity to dial numbers randomly or sequentially using a "number generator" and, hence, did not use an automatic telephone dialing system in violation of the TCPA.

18.     Plaintiff knew of the purported acts or omissions he ascribes to Ally in this action and was fully aware of his rights against Ally (if any) but nevertheless inexcusably and unreasonably delayed in asserting those rights, to the prejudice of Ally. For this, and additional reasons, Plaintiff's claim is barred by the equitable doctrine of laches.

19.     Plaintiff's Complaint and each claim for relief therein is barred because the conduct of Ally is and was privileged or justified, and Ally acted without any malice. Ally's lawful interest in contacting its customers—either for debt collection, informational purposes, or other account servicing activity—is necessary, and Ally reasonably believes such calls are necessary, to protect Ally's pecuniary interest in chattel and accounts, and its customers' interests. Thus, the conduct at issue is *malum prohibitum* and not *malum in se*. Hence, Ally's conduct is privileged and inactionable, and Plaintiff cannot show conduct that would result in the award of punitive damages.

20.     Application of the TCPA, as interpreted by the FCC, violates the First Amendment to the United States Constitution because such application relies upon content-based restrictions of protected speech. *See Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227 (2015) ("Government regulation of speech is content-based if a law applies to particular speech because of the topic discussed or the idea or message expressed.").

21.     The imposition of statutory damages under the TCPA against Ally would violate the due process provisions of the United States Constitution and/or the Florida State Constitution.

22.     The Complaint, to the extent that it seeks punitive or exemplary damages under the TCPA or FCCPA, violates the rights of Ally under the Due Process provisions of the United States Constitution. Specifically, grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without due process of law." *E.g., TXO*

*Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 453, 454 (1993); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 562 (1996). The TCPA affords discretion to award up to $1,500.00 "per violation." Yet, the alleged violation at issue—"making" a call to a cell phone that may or may not have been connected, received or answered—causes *de minimis* or no actual harm. Hence, imposition of the discretionary punitive damage element built into the TCPA and/or FCCPA would violate the *BMW* proportionality test.

23. Ally reserves the right to assert additional defenses (affirmative and otherwise) as this action progresses, and reserves the right to rely upon any and all defenses (affirmative and otherwise) as may become known through discovery or at trial.

WHEREFORE, Defendant, Ally Financial Inc., by counsel, respectfully requests that the Court dismiss all the Plaintiff's claims against Ally, with prejudice, enter judgment in favor of Ally, and against Plaintiff, and award Ally such other and further relief as the Court may deem just and appropriate.

Date: June 11, 2018

Respectfully Submitted,

**Ally Financial Inc.**

By: */s/ Gillian Williston*
Gillian Williston
Florida Bar No. 14270
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: (757) 687-7500
E-mail: gillian.williston@troutman.com
*Counsel for Ally Financial Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, 2018, I electronically filed the foregoing *Answer with Affirmative Defenses* with the Clerk of Court by using the CM/ECF system which will automatically send a copy to all counsel of record in this case registered on the CM/ECF system, including:

### Counsel for Plaintiff

Benjamin W. Raslavich, Esq.
Florida Bar No.: 0102808
KUHN RASLAVICH, P.A.
2124 W. Kennedy Blvd., Suite B
Tampa, Florida 33606
Telephone: (813) 422-7782
Email: ben@theKRfirm.com

*/s/ Gillian Williston*

35426682