**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JOSEPH AGOSTINO**

    **Plaintiff,**

v.                                                                                    Case No. 8:18-cv-1202
                                                                                      **Dispositive Motion**

**ALLY FINANCIAL INC.,**

    **Defendant.**

**DEFENDANT ALLY FINANCIAL INC.'S
MOTION AND MEMORANDUM IN SUPPORT TO
COMPEL ARBITRATION AND DISMISS ACTION**

Defendant Ally Financial Inc. ("Ally"), by counsel, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 2-4, respectfully moves this Court to compel arbitration of this action and to dismiss Plaintiff Joseph Agostino's Complaint, including each and every claim therein. For the reasons explained in the below Memorandum in Support, Ally respectfully requests the Court grant its motion, dismiss this action, and compel arbitration.

**Certification Pursuant to Local Rule 3.01(g)**

Pursuant to Local Rule 3.01(g), counsel for Ally certifies that on December 3, 2018, counsel for Ally conferred with counsel for Plaintiff via telephone in a good faith attempt to resolve the issues raised by this motion. Plaintiff's counsel informed Ally that they would not agree to arbitrate the claims in this case. Therefore, the parties are unable to resolve the issues presented in this Motion without intervention from the Court.

Date:   December 7, 2018                                      Respectfully Submitted,

                                                                                      **Ally Financial Inc.**

                                                                                      By: */s/ Gillian Williston*

                                                              Gillian Williston
Florida Bar No. 14270
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: (757) 687-7500
E-mail: gillian.williston@troutman.com
*Counsel for Ally Financial Inc.*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOSEPH AGOSTINO**

    **Plaintiff,**

v.                                                      Case No. 8:18-cv-1202
                                                                **Dispositive Motion**

**ALLY FINANCIAL INC.,**

    **Defendant.**

**MEMORANDUM IN SUPPORT OF DEFENDANT ALLY FINANCIAL INC.'S
MOTION TO COMPEL ARBITRATION AND DISMISS ACTION**

    Defendant Ally Financial Inc. ("Ally"), by counsel and pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, submits this Memorandum in Support of its Motion to Compel Arbitration and Dismiss Action.

**INTRODUCTION**

    Plaintiff Joseph Agostino ("Plaintiff") is party to a binding arbitration agreement that requires him to arbitrate his claims against Ally under the FAA. The Retail Installment Sale Contract (the "Contract") Plaintiff entered into when he purchased a vehicle from Bill Curie Ford Inc., contains an arbitration provision which provides that any claim or dispute arising from or relating to the Contract, at the election of either party, be resolved by neutral and binding arbitration. *See* Declaration of LeAndrian Wright [hereinafter "Wright Decl."] ¶¶ 5, 13, **attached hereto as <u>Exhibit 1</u>**; *see also id.*, Ex. A. The Contract was subsequently assigned to Ally. *See id.* at p. 1; *see also* Wright Decl. ¶ 6. All of the claims in Plaintiff's Complaint arise out of and/or relate to the Contract. As a result, pursuant to the unambiguous language of the Contract, Plaintiff

must be compelled to pursue his claims against Ally in arbitration and this matter should be dismissed with prejudice.

Federal law reflects a strong public policy favoring arbitration agreements. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927 (1983) (noting that the Federal Arbitration Act "is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary"). "'The principal purpose of the [Federal Arbitration Act (FAA)] is to ensure private arbitration agreements are enforced according to their terms.'" *Kaspers v. Comcast Corp.*, No. 15-12066, 2015 U.S. App. LEXIS 19843, at *6 (11th Cir. 2015) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011)). Notably, this Court has previously enforced the exact arbitration agreement at issue in this case. *See* Order Granting Motion to Compel Arbitration, *Haskins v. Ally Financial Inc.*, No. 8:17-cv-1349 (M.D. Fla. Aug. 8, 2017) (Hernandez-Covington, J.). Thus, the strong federal policy favoring arbitration and this Court's precedent dictate that the arbitration agreement in this case be enforced.

Accordingly, for the reasons detailed below, Ally respectfully requests that this Court grant the Motion to Compel Arbitration and Dismiss Action.

## I.    BACKGROUND

**A.**    **Factual and Procedural History**

On or about October 29, 2016, Plaintiff entered into a Retail Installment Sale Contract along with Jacquiline Agostino[1] to purchase a 2012 Nissan Titan from Bill Currie Ford Inc. (the "Seller"). *See* Wright Decl., Ex. A, p. 1. Shortly after Plaintiff signed the Contract, the Seller

---

[1] Jacquiline Agostino is not a named party in this suit.

assigned all of its rights and interests in the Contract to Ally. *See id.; see also* Wright Decl. ¶ 6; *see id.*, Ex. B (contract between Seller and Ally[2] governing, in part, the assignment of Retail Installment Sale Contracts). In signing the Contract, Plaintiff agreed to all of the Contract's terms, including the conspicuous, valid, and binding arbitration clause (the "Arbitration Agreement"), which broadly provides that any dispute between Plaintiff and Ally arising out of or in any way relating to the Contract is subject to binding arbitration at either party's election. *See* Wright Decl., Ex. A, p. 2.

On or about May 18, 2018, Plaintiff filed his Complaint in this Court, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fl. Stat. § 559.55, *et seq.*, based on Ally's attempts to collect amounts due under the Contract. Ally was served on May 21, 2018, making its responsive pleading due on June 11, 2018. On June 7, 2018, Ally filed an Unopposed Motion for Extension for time to respond to Plaintiff's Complaint. (ECF No. 5). The Motion was granted on June 18, 2018. (ECF No. 11). However, because the requested extension was not granted on or before June 11, Ally filed its Answer and Affirmative Defenses.[3] (ECF No. 10). Included in Ally's Affirmative Defenses was the following:

> Ally avers that Plaintiff's claims are subject to an Arbitration Agreement requiring mandatory and binding arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*

*Id.* at p. 6, ¶ 2 (ECF No. 10).

---

[2] The contact governing the assignment of contracts to Ally was entered into between the Seller and GMAC Inc. in 2010. *See* Wright Decl. ¶ 7. GMAC Inc. is the former name of Ally, before the company was rebraned in 2010. *See id.* at ¶ 8.

[3] Ally denies that Plaintiff's claims have any merit whatsoever, and reserves any and all defenses to Plaintiff's claims.

On June 12, 2018, the day after filing its Answer and Affirmative Defenses, Ally – through counsel – contacted Plaintiff's counsel to request that Plaintiff agree to dismiss this matter and arbitrate his claims pursuant to the Arbitration Agreement in the Contract. Plaintiff refused to arbitrate his claims. On June 25, 2018, Ally filed its Motion to Compel Arbitration and Dismiss the Case. (ECF No. 12). On November 19, 2018, the Court denied Ally's Motion without prejudice. (ECF No. 27). Ally now renews its Motion to Compel Arbitration and Dismiss the Case, and in support offers the Declaration of LeAndrian Wright, which unequivocally establishes that Plaintiff entered into a contract which contains a binding arbitration agreement and that Ally is the assignee of said contract.

**B.      Binding Arbitration Agreement**

The Arbitration Agreement is an integral and unambiguous part of the Contract Plaintiff entered into. The Contract itself includes a bold, all-caps header that reads: "**RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION**)." On the first of two pages of the Contract, there is an individual provision that provides:

> **Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Wright Decl., Ex. A, p.1. Plaintiff signed under this paragraph.

The second page of the Contract features a large outlined box with the heading "**ARBITRATION PROVISION.**" Under that heading, the Arbitration Agreement provides:

> **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**

6

*Id*. at p. 2. The Arbitration Agreement then states:

> ***Any claim or dispute,*** whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), ***between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship*** (including any such relationship with third parties who do not sign this contract) ***shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.***

*Id.* (emphasis added).

In his Complaint, Plaintiff claims that Ally violated federal and state law by contacting him on his cell phone regarding payments due under the Contract. *See generally* Pl.'s Complaint (ECF No. 1). These are precisely the types of claims that are covered by the plain language of the Arbitration Agreement Plaintiff signed.

Accordingly, because Plaintiff's claims are subject to binding arbitration, and this Court should grant Ally's Motion, compel arbitration, and dismiss this lawsuit.

## II.   ARGUMENT

### A.   Federal Policy Strongly Favors Enforcement of Arbitration Agreements

The Arbitration Agreement in this case is governed by the FAA. *See* Wright Decl., Ex. A, p. 2 ("Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration."). The FAA was enacted "to ensure private arbitration agreements are enforced according to their terms" with the same force as any other written contract. *AT&T Mobility LLC v. Concepcion*, 131 S. Ct.1740, 1750 (2011); 9 U.S.C § 2. In particular, the FAA provides that written contracts to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

7

This strong language manifests a "liberal federal policy favoring arbitration agreements." *Moses H. Cone*, 460 U.S. at 24; *see also DIRECTV, Inc. v. Imburgia*, 136 S. Ct. 463, 193 L. Ed. 365, 375 (2015) (reaffirming the obligation of all courts to give due regard to the federal policy favoring arbitration); *Klay v. Pacificare Health Sys., Inc.*, 389 F.3d 1191, 1200 (11th Cir. 2004) ("This inquiry must be undertaken against the background of a 'liberal federal policy favoring arbitration agreements.'") (quoting *Moses H. Cone*, 460 U.S. at 24); *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) ("Underlying this policy is Congress's view that arbitration constitutes a more efficient dispute resolution process than litigation.")

Thus, courts are directed to "rigorously enforce agreements to arbitrate" according to their terms. *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987) (internal quotation marks omitted) (citation omitted); *see AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone*, 460 U.S. at 24-25.

When interpreting arbitration agreements under the FAA, federal courts exercise an overwhelming presumption in favor of arbitration. According to the Eleventh Circuit, "[t]he FAA places arbitration agreements on equal footing with all other contracts and sets forth a **clear presumption—'a national policy'—in favor of arbitration**." *Parnell v. CashCall, Inc.,* 804 F.3d 1142, 1146 (11th Cir. 2015) (citing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)) (emphasis added). The Eleventh Circuit has recognized that this national presumption in favor of arbitration requires courts to "'**rigorously enforce' arbitration agreements**." *Matthews v. Ultimate Sports Bar, LLC*, 621 F. App'x 569, 571 (11th Cir. 2015) (citations omitted) (emphasis added).

To enforce an arbitration agreement, a court must only find that the plaintiff entered into an arbitration agreement that is enforceable and that the claims fall within the scope of the agreement. *See Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008). Because of the national policy in favor of arbitration, this Court and courts throughout the Eleventh Circuit frequently enforce arbitration provisions, including the exact arbitration agreement at issue in this case. *See* Order Granting Motion to Compel Arbitration, *Haskins v. Ally Financial Inc.*, No. 8:17-cv-1349 (M.D. Fla. Aug. 8, 2017) (Hernandez-Covington, J.); *see also, e.g.*, *Lambert*, 544 F.3d at 1199; *Smith v. Beverly Hills Club Apts., LLC*, No. 1:15cv23450, 2016 U.S. Dist. LEXIS 10180, at *23-34 (S.D. Fla. Jan. 28, 2016); *Hernandez v. Acosta Tractors, Inc.*, No. 15-23486, 2015 U.S. Dist. LEXIS 153209, at *5-6 (S.D. Fla. Nov. 12, 2015).

Courts have also consistently held that claims arising under federal statutes, including federal consumer protection statutes, are properly subject to enforceable arbitration agreements. *See, e.g. CompuCredit Corp. v. Greenwood,* 132 S.Ct. 665, 673 (2012) (enforcing an arbitration agreement in the context of the Credit Repair Organizations Act); *Williams v. Omainsky*, No. 15-0123-WS, 2015 U.S. Dist. LEXIS 162622, at *20-21 (S.D. Ala. Dec. 3, 2015) (enforcing an arbitration provision in the context of the Fair Labor Standards Act); *Johnson v. Springleaf Fin. Servs.*, No. 2:15cv1268, 2015 U.S. Dist. LEXIS 110103, at *5-6 (N.D. Ala. Aug. 20, 2015) (enforcing an arbitration provision in the context of an Fair Credit Reporting Act case).

**B.**     **The Court Should Compel Arbitration of Plaintiff's Claims**

In this District, courts conduct a three-pronged inquiry when deciding whether to compel arbitration: "(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived." *Fla. Farm Bureau Ins. Cos. v. Pulte Home Corp.*, No. 8:04-CV-2357-T-EAJ, 2005 U.S. Dist. LEXIS 21903, at *8-9 (M.D. Fla.

June 6, 2005). Both of the first factors are satisfied based on the Contract and the claims in the Complaint, respectively. Ally has not waived its right to arbitrate.

Similarly, the FAA directs a court to dismiss or stay litigation and refer an issue to arbitration once it determines that: (1) a valid arbitration agreement exists between the parties; and (2) the claims averred by the plaintiff fall within the substantive scope of that arbitration agreement." 9 U.S.C. § 3; *see Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 626-28 (1985) (citing factors). A court should dismiss, rather than stay, an action where all claims are referred to arbitration. *Integrated Aircraft Sys. v. Porvair Filtration Grp., Ltd.*, No. 5:12-CV-493, 2012 U.S. Dist. LEXIS 111821, at *3 (N.D. Ohio Aug. 9, 2012). This standard is satisfied here because (1) the parties agreed, in writing, to arbitrate, and (2) Plaintiff's Complaint falls squarely within the scope of the Arbitration Agreement. Because all of Plaintiff's claims are subject to arbitration, this Court should compel arbitration and dismiss this action in its entirety.

       1.       **A Valid Arbitration Agreement Exists between the Parties**

"The question of whether a valid agreement to arbitrate exists is a question of contract formation." *Sundial Partners, Inc. v. Atl. St. Capital Mgmt. LLC*, No. 8:15-cv-861, 2016 U.S. Dist. LEXIS 31617, at *12 (M.D. Fla. Jan. 8, 2016) (citations omitted). "As a general rule, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." *Guy Roofing, Inc. v. Angel Enterprises, LLC*, No. 17-14081, 2018 WL 1863764 *3 (S.D. Fla. Mar. 1, 2018). This generally requires the District Court to apply applicable state law governing the formation of contracts. *Id*. (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 939 (1995)). Here, there is no dispute that there is a valid contract between Plaintiff and Ally.

The Arbitration Agreement contained within the Contract provides that: "**EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**"  Wright Decl., Ex. A, p. 2. The Arbitration Agreement further states:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and *us or our employees, agents, successors or assigns*, which arises out of or relates to . . . any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

*Id.* (emphasis added).

The Contract, including its Arbitration Agreement, was assigned to Ally. *See id.* at p. 1 ("Seller assigns its interest in this contract to Ally Financial . . . ."). It is clear from the plain language of the Contract that the Arbitration Agreement was intended to apply to the Seller's assigns, which in this case is Ally.[4] As a result, Ally may compel arbitration of any claims that fall within the scope of the Contract. *See Marcum LLP v. Potamkin*, 107 So.3d 1193, 1194-1195 (Fla. App. 2013) (holding that, absent provision prohibiting assignment, right to enforce arbitration provision transfers to assignee); *Wood v. Portfolio Recovery Associates, LLC*, No. 8:14-cv-3044, 2015 WL 12868067 (M.D. Fla. April 1, 2015) (holding that right to enforce arbitration clause in Contract is transferred to assignee upon purchase of the contract); *see also* Order Granting Defendant's Motion to Compel Arbitration, *Haskins v. Ally Financial Inc.*, No. 8:17-cv-1349 (M.D. Fla. Aug. 8, 2017) (ordering arbitration based on provision in Retail Installment Sale Contract assigned to Ally Financial Inc.); *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947

---

[4] The Contract was assigned to Ally pursuant to the terms of a separate agreement between Seller and Ally.  *See* Wright Decl. ¶ 6; *see also* Wright Decl., Ex. B.

11

(11th Cir. 1999) (holding a non-signatory to a contract may invoke an arbitration clause within the contract where the non-signatory is an intended third-party beneficiary of the contract); *Cone Constructors, Inc. v. Drummond Community Bank*, 754 So.2d 779, 780 (Fla. App. 2000) (holding that arbitration is a "remedial mechanism" that is binding on an assignee).

Pursuant to the plain language of the Contract and Florida's laws governing contracts, Ally – as an assignee of the Contract – is bound by and entitled to enforce the Arbitration Agreement. Accordingly, because a valid Arbitration Agreement exists between the parties, this Court should compel arbitration in this case.

### 2.  Plaintiff's Claims are within the Scope of the Arbitration Agreement

Next, the second prong of the Court's inquiry – that the dispute is within the scope of the Arbitration Agreement – is undoubtedly satisfied in this case. The crux of Plaintiff's Complaint is that Ally placed calls to him regarding payments due under the Contract after he defaulted on his payment obligations. Setting aside the fact that Plaintiff's claims lack merit, his alleged dispute falls squarely within the Arbitration Agreement for which he contracted.

There is a general "presumption of arbitrability" and to the extent there are any doubts, then those "'doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Wiand v. Schneiderman*, 778 F.3d 917, 922 (11th Cir. 2015) (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25); *accord IBEW Sys. Council U-4 v. Fla. Power & Light Co.*, 627 F. App'x 898, 903 (11th Cir. 2015). The United States Supreme Court has held that a presumption of arbitrability exists where a contract contains an arbitration clause, and that an order to arbitrate should not be denied "unless it may be said with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute." *AT&T Technologies, Inc.*, 475 U.S. at 650. This presumption "is particularly strong when the arbitration clause in question

is broad," as it is in this case. *Id.*; *see also Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998) (finding use of the terms "any," "arising out of," and "relating to" establish that the arbitration clause is a broad clause); *Solvay Pharms. v. Duramed Pharms., Inc.*, 442 F.3d 471, 482 n.10 (6th Cir. 2006) (stating that where the arbitration provision is broad, "only an express provision excluding a specific dispute, or the most forceful evidence of a purpose to exclude the claim from arbitration, will remove the dispute from consideration by the arbitrators.")

Here, the scope of the Arbitration Agreement is broad in stating that the parties may choose to have "**ANY DISPUTE**" decided by arbitration. *See* Wright Decl., Ex. A, p. 2. The Contract provides that arbitrable claims are those which "arise[] out of or relate[] to [Plaintiff's] credit application, purchase or condition of th[e] vehicle, th[e] contract or any resulting transaction or relationships (including any such relationship with third parties who do not sign this contract). . . ." *Id.* Plaintiff's claim solely involves allegations regarding Ally's attempt to collect upon the Debt created by the Contract. *See generally* Pl.'s Compl. (ECF No. 1). As such, Plaintiff's claims "relate[] to . . . this contract or any resulting transaction or relationships. . ." and falls squarely within the purview of the Arbitration Agreement. *See* Wright Decl., Ex. A, p. 2.

Plaintiff cannot genuinely argue that his claims fall outside the scope of the Arbitration Agreement, nor can he escape the strong presumption in favor of arbitration under these facts. This is especially true where, as here, "dispute" is defined broadly. Thus, prong two of the test for compelling arbitration is satisfied and the Court must compel.

### 3. The Right to Arbitrate was Not Waived

Finally, in addressing the third prong of the Court's inquiry, Florida courts have "defined 'waiver' as the voluntary and intentional relinquishment of a known right or conduct which implies

the voluntary and intentional relinquishment of a known right." *Raymond James Fin. Servs. v. Saldukas*, 896 So.2d 707, 711 (Fla. 2005). "This general definition of waiver is applicable to a right to arbitrate [and] the essential question [becomes] whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right." *Id.* (citations omitted).

Here, Ally has not waived its right to arbitrate because it has not acted inconsistently with that right. Moreover, Ally fully preserved its right to arbitrate in its Answer and Affirmative Defenses. *See* Def.'s Answer and Aff. Defenses, p. 6 ¶ 2 (ECF No. 10). Aside from complying with this Court's Orders regarding required notices and the filing of Ally's Answer, so as to avoid default, Ally has taken no steps to further pursue litigation in this Court and has zealously moved to compel this matter to arbitration. Accordingly, Ally has not waived its right to arbitration, and the final prong of the Court's inquiry into whether it should compel arbitration is satisfied.

**C.     Dismissal is the Appropriate Remedy**

The FAA provides that once the Court determines that arbitration should be compelled, the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. 3. Courts, however, routinely dismiss a lawsuit rather than staying it when arbitration is compelled. *See, e.g. Samadi v. MBNA Am. Bank, N.A.*, 178 Fed. App'x. 863, 866 (11th Cir. 2006) (affirming the dismissal of an action and compelling arbitration); *Caley v. Gulfstream Aero. Corp.*, 428 F.3d 1359, 1379 (11th Cir. 2005) (affirming the dismissal of an action and compelling arbitration); *Collado v. J. & G. Transp., Inc.*, No. 14-80467, 2015 U.S. Dist. LEXIS 41877, at *22-23 (S.D. Fla. Mar. 31, 2015) (finding dismissal of arbitrable claims to be the appropriate remedy); *Sanchez v. J.P. Morgan Chase Bank,*

14

*N.A.*, No. 14-20468, 2014 U.S. Dist. LEXIS 113608, at *13 (S.D. Fla. Aug. 15, 2014) (enforcing a class action waiver and dismissing an action so that the parties may proceed to arbitration on an individual basis).  Dismissal is particularly appropriate where, as in this case, all of the claims should be submitted to arbitration.  *See Choice Hotels Int'l, Inc. v. DSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001); *see also Perera v. H & R Block Eastern Enterprises, Inc.*, 914 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012) (exercising discretion to dismiss case where all claims were subject to arbitration).

Accordingly, because all of the claims in Plaintiff's Complaint are subject to the Arbitration Agreement as set forth above, this action should be dismissed.[5]

### III.   CONCLUSION

For the foregoing reasons, Ally Financial Inc. respectfully requests that this Court grant its Motion to Compel Arbitration and Dismiss Action, dismiss and compel all of Plaintiff's claims to arbitration, and grant Ally such further relief as the Court deems equitable and just.

Date:   December 7, 2018                                          Respectfully Submitted,

**Ally Financial Inc.**

By: */s/ Gillian Williston*
Gillian Williston
Florida Bar No. 14270
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: (757) 687-7500
E-mail: gillian.williston@troutman.com
*Counsel for Ally Financial Inc.*

---

[5] In the alternative, and pursuant to 9 U.S.C. § 3 of the FAA, this Court should stay all proceedings in this action, including discovery, until arbitration has been completed or the claims have otherwise been resolved by the parties.

15

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December, 2018, I electronically filed the foregoing *Motion to Compel Arbitration* with the Clerk of Court by using the CM/ECF system which will automatically send a copy to all counsel of record in this case registered on the CM/ECF system, including:

### Counsel for Plaintiff

Benjamin W. Raslavich, Esq.
Florida Bar No.: 0102808
KUHN RASLAVICH, P.A.
2124 W. Kennedy Blvd., Suite B
Tampa, Florida 33606
Telephone: (813) 422-7782
Email: ben@theKRfirm.com

*/s/ Gillian Williston*

37170341